IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-450-CR




TERRY EUGENE BETHEL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,384, HONORABLE JOE CARROLL, JUDGE PRESIDING


 




PER CURIAM

 The district court found appellant guilty of burglary of a building and assessed
punishment at imprisonment for ten years. Tex. Penal Code Ann. § 30.02 (West 1989).

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by advancing a contention that counsel says might arguably support the
appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). A copy of counsel's brief was delivered to appellant, and appellant was advised of his
right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

 In his arguable point of error, counsel urges that the evidence is legally insufficient
to sustain the conviction. The evidence shows that shortly after midnight on May 5, 1992, Killeen
police officer Steven Parker was called to the scene of a burglary. The plate glass window of an
appliance store at 215 Avenue C had been smashed with a rock and a television set had been taken from the window display. A few minutes after the officer arrived
at the scene, appellant approached him riding a bicycle. Appellant told the officer that, on 2nd
Street near the railroad tracks, he had seen a Mexican man wearing a red shirt and carrying a
television set. Appellant rode away without giving Parker his name.

 Parker encountered appellant a second time when he began to drive around the area
looking for the suspect. Appellant was standing by his bicycle, stuffing a jacket into a duffel bag. 
Appellant agreed to get in the officer's patrol car and take him to the location where he saw the
Mexican man. Appellant took the officer to the corner of College Street and Avenue G, three
blocks from the spot where he had originally claimed to have seen the man. Appellant also told
the officer that he had been at the bus station at the corner of 2nd Street and Avenue C when he
heard the sound of glass breaking at the appliance store. Believing that appellant was claiming
to be in two places at once, the officer began to suspect that appellant was the man who broke into
the appliance store.

 Parker returned appellant to his bicycle. With appellant's permission, the officer
looked inside the duffel bag and found a television set. This set was shown to be the one taken
in the burglary. Appellant told the officer that the television had been given to him by a
transvestite on Root Avenue.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). We hold that from the testimony in this cause, the district court could
rationally find that appellant intentionally entered a building not then open to the public and
therein committed theft.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: December 23, 1992

[Do Not Publish]